Abram C. Mendelsohn v. Commissioner. Louis H. Mendelsohn v. Commissioner.
Mendelsohn v. Commissioner
Docket Nos. 34653, 34654.
United States Tax Court
1953 Tax Ct. Memo LEXIS 213; 12 T.C.M. (CCH) 666; T.C.M. (RIA) 53207; June 11, 1953
*213 As to each petitioner, respondent has determined that "your distributive share of the net income of the partnership of Excello Hosiery Mills includible in gross income for the taxable year 1944 is $87,978.81 and not $13,494.08 as reported in your income tax return, thus resulting in an adjustment of $74,484.73." As to this adjustment, each petitioner concedes the correctness of $3,538.60 of the adjustment and denies the correctness of the balance. Held, on the facts, petitioners are sustained and the Commissioner is reversed as to the amount of his adjustment which exceeds the correctness of the amount admitted by each petitioner. Paul Arnold, Esq., for the petitioners. John E. Mahoney, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion These cases were consolidated. In Docket No. 34653, Abram C. Mendelsohn, deficiencies and penalties were determined as follows: Penalties
Income Tax
Section
Section
Year
Deficiency
Section 293(a)
294(d)(2)
294(d)(1)(A)
1943
$ 35.78
1944
55,410.77
$2,770.54
$144.72
$217.08
1945
1,639.74
In Docket No. 34654, Louis H. Mendelshon, deficiencies *214 and penalty were determined as follows: Income Tax
Year
Deficiency
Penalty
1944
$51,309.17
$2,565.46
1945
1,194.67
At the hearing a stipulation of facts was filed as to each petitioner and the statement was made that these stipulations settle all issues in the case except one which pertains to the year 1944, and which was the principal adjustment made by the Commissioner in each one of the cases. That adjustment in Docket No. 34653 was adjustment "(a) Income from partnership $75,629.23." The adjustment is explained in the deficiency notice as follows: "(a) It has been determined that your distributive share of the net income of the partnership of Excello Hosiery Mills includible in gross income for the taxable year 1944 is $87,978.81 and not $13,494.08 as reported in your income tax return, thus resulting in an adjustment of $74,484.73. "It has been further determined that the deduction claimed for the taxable year 1944 in the amount of $1,144.50 for expense in connection with partnership income from Excello Hosiery Mills is not allowable." In Docket No. 34654, the principal adjustment is the same as adjustment (a) above for the year 1944, and *215 the explanation of adjustment (a) is the same as the explanation above except as to the last paragraph of adjustment (a) above which relates to the disallowance of $1,144.50 expenses in connection with partnership income. Nothing is said in Docket No. 34654 relative to that particular adjustment made in Docket No. 34653. In Docket No. 34653, assignment of error is made as to this main adjustment by petitioner Abram C. Mendelsohn, as follows: "4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: "(a) Increase in distributive share of net income of partnership Excello Hosiery Mills, from $13,494.08 to $74,474.73 [1] for the year 1944." The same error is assigned in Docket No. 34654 and, as we have already said, this constitutes the only issue now in dispute. Findings of Fact Some of the facts were stipulated and are adopted as part of these Findings of Fact. Petitioner Abram C. Mendelsohn is an individual residing in Paterson, New Jersey, and his returns for the taxable years were filed with the Collector of Internal Revenue at Newark, New Jersey. *216 Petitioner Louis H. Mendelsohn resides in Paterson, New Jersey, and his returns for the taxable years were filed with the Collector of Internal Revenue for the Fifth District of New Jersey. Petitioners in 1944 were copartners engaged in the manufacture of hosiery under the firm name and style of Excello Hosiery Mills. This partnership will sometimes hereafter be referred to as Excello. Petitioners entered into an agreement with Harry Goldstein early in the year 1944, whereby petitioners agreed to manufacture hosiery for Goldstein on condition that Goldstein, at his own cost, would supply the "leg" yarn, and that petitioners would furnish all other material and labor necessary for the production of the hosiery. Thereafter Goldstein made arrangements with Joseph Kay to purchase the leg yarn at his own cost and expense. Goldstein paid Kay in cash for each delivery of yarn which was delivered at the Excello Mills. The payments were made in the presence of Louis E. Mendelsohn, Magdelina Reinhardt, and Joseph Brevic. Petitioners merely billed Goldstein for labor and materials other than leg yarn which petitioners used in the production of Goldstein's hosiery. Petitioners' bills for *217 the hosiery were paid by check and all the sales represented thereby were included in the partnership return of Excello. In his transactions with petitioners Goldstein acted on behalf of himself, Irving Kass, and Consolidated Enamelware, Inc., with whom Goldstein was associated. In March 1944, petitioners purchased from Joseph Kay a quantity of leg yarn on behalf of one of its customers named Antor for the sum of $5,620, and petitioners received the sum of $5,620 from Antor for the purpose of purchasing and paying for the said yarn. Antor was to furnish this leg yarn at his own expense and at no cost to Excello. Petitioners, doing business as Excello Hosiery Mills, did not realize any income from Goldstein's and Antor's purchases of the leg yarn from Kay. These purchases were entirely for Goldstein's and Antor's individual account and did not enter in any way in the cost of hosiery which Excello billed to Goldstein and to Antor. The notices of deficiency increased each of the petitioner's gross income in the amount of $74,484.73, which was the petitioners' purported distributive share of the net income of the partnership, Excello Hosiery Mills. The petitioners concede and contend *218 that this adjustment should be an increase of only $3,538.60 in each case, and the respondent contends that this adjustment should be, in each case, $63,857.82. Therefore, there remains to be adjudicated by this Court as the sole and only issue herein, whether Excello Hosiery Mills omitted $120,638.43 from sales in its partnership return for its taxable year ended August 31, 1944, and accordingly whether each petitioner's distributive share of such partnership income should be increased by the amount of $60,319.22. All facts stipulated are incorporated herein by this reference. Opinion BLACK, Judge: In these two consolidated proceedings we deal with two petitioners and we will first take them up separately: In re: Abram Mendelsohn, Docket No. 34653 For the taxable years 1943 and 1945, the petitioner concedes the correctness of the respondent's determination in that there are income tax deficiencies due from the petitioner for the taxable years in the amounts of $35.78 and $1,639.74, respectively. For the taxable year 1944, the petitioner concedes the correctness of the respondent's determination in disallowing a deduction of $1,144.50 for expense in connection with Excello, *219 in disallowing the amount of $1,777.90 as miscellaneous charges and auto expenses in connection with petitioner's law practice, and also the penalties determined under sections 294(d) (2) and 294(d) (1) (A) of the Internal Revenue Code in the amounts of $144.72 and $217.08, respectively. For the taxable year 1944, the respondent waives the asserted penalty under section 293 (a) of the Internal Revenue Code in the amount of $2,770.54. In re: Louis H. Mendelsohn, Docket No. 34654 The petitioner concedes the correctness of the respondent's determination of a deficiency in income tax for the taxable year 1945, in the amount of $1,194.67. As to the taxable year 1944, (1) petitioner concedes the correctness of respondent's determination in disallowing traveling and business expenses in the amount of $1,436, and (2) respondent waives the asserted penalty in the amount of $2,565.46 under section 293 (a) of the Internal Revenue Code. Issue Which Remains in the Consolidated Proceedings The issue which remains for our decision in these consolidated proceedings may be stated thus: Did the partnership Excello Hosiery *220 Mills, which was composed of two partners, the petitioners herein, omit the amount of $120,638.43 from sales in the partnership return of income for the taxable year ended August 31, 1944, which should have been included in gross sales? It seems to us that this issue must be decided in petitioners' favor. Louis H. Mendelsohn testified at the hearing. He was production manager of Excello. Goldstein also testified, as did two employees of Excello who were working at the plant in 1944, when the transactions in question took place. All this testimony was to the effect tha the purchases from Kay of the leg yarn were not made by Excello; that these purchases were made for the account of Goldstein and for the account of Anotor; and that Excello did not take the amounts of such purchases on its books and did not include the amounts of such purchases in its cost of goods sold. In other words, they did not represent expenditures by Excello in any way and were not taken up on its books. Mendelsohn testified that he billed Goldstein for the hosiery at an agreed price which, in most instances, was below ceiling; that he was paid by check; and that these receipts were entered in petitioners' *221 books and reported in their returns. Respondent has conceded that these receipts were entered on petitioners' books and respondent has never suggested that these sales were not reported. Obviously, therefore, petitioners' income from their sales to Goldstein was fully reported in their returns. If petitioners' profit was greater because Goldstein supplied the leg yarn, their returns reflected the higher profit because petitioners did not enter on their books or deduct in their returns the cost of the yarn which Goldstein purchased from Kay and supplied to petitioners. The same may be said of the small transaction with Antor. The only way that we could give any credence to respondent's contention would be to believe tha the four witnesses referred to above were lying and trying to cover up in some way gross sales which were not on Excello's books and not included in its partnership return. We have no reason to believe the witnesses were lying and respondent has offered no evidence that they were. We regard this as a fact question, and not a law question, and the facts are for petitioners. We, therefore, sustain them on the main issue involved, and on that issue respondent is reversed. *222 Decisions will be entered under Rule 50. Footnotes
1. This figure should be $87,978.81 and is correct in Docket No. 34654.↩